NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER (Cal. Bar No. 209813)
Assistant United States Attorney
411 W. Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3550
Facsimile: (714) 338-3708
E-mail: Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CHAMBLISS,<br><br>Defendant. | No. SA CR 17-120-DOC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**[PROPOSED] TRIAL DATE: 5-22-18** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jennifer L. Waier, and defendant JAMES CHAMBLISS, by and through his counsel of record, Deputy Public Defender Andrea Jacobs, hereby stipulate as follows:

1. The Information in this case was filed on September 12, 2017. Defendant first appeared before a judicial officer of the court in which the charge in this case was pending on January 22, 2018. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq.,

originally required that the trial commence on or before 70 days from later of initial appearance or filing of the Information.

2. On January 22, 2018, the defendant was arraigned on the Information. At the arraignment, the trial date was scheduled for March 20, 2018 at 8:30 a.m. and the status conference was scheduled for February 26, 2018 at 1:30 p.m. Defendant is not in custody.

3. The parties estimate that the trial in this matter will last approximately four days.

4. By this stipulation, the parties jointly move to continue the trial date to May 22, 2018 at 8:30 a.m. and the status conference to April 30, 2018 at 1:30 p.m.

5. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. On September 12, 2017, a plea agreement was filed in this case. Defendant lives out of state and suffers from serious medical issues that limit travel. In or about January 2018, DFPD Jacobs took over the case from prior counsel. Thus, DFPD Jacobs desires additional time to review discovery and prepare this case for trial if defendant does not go forward with his change of plea hearing. Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The government does not object to the continuance. The parties hope to have defendant enter his change of plea on the status conference date.

b. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. Defendant has been advised of his rights to a speedy trial by defense counsel and defendant has agreed to the proposed stipulation and continuance.

d. The government does not object to the continuance.

e. The requested continuance is not based on congestion of the Court’s calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant’s trial must commence, the parties agree that the time period of March 20, 2018 to May 22, 2018, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) because the delay results from a continuance granted by the Court at defendant’s request, without government objection, on the basis of the Court’s finding that the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 22, 2018

NICOLA T. HANNA
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

/s/
JENNIFER L. WAIER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am JAMES CHAMBLISS's attorney. I have carefully discussed the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 22, 2018 is an informed and voluntary one.

*Andrea Jacobs*
ANDREA JACOBS
Attorney for Defendant
JAMES CHAMBLISS

2/22/18
Date